IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Carlos Cruz** | * |
|     **Plaintiff** | * |
| v. | *   Case No. 8:23-cv-03409-DKC |
| **Antezana & Antezana, LLC** | * |
|     **Defendant** | * |

_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Carlos Cruz, by and through undersigned counsel, submits this Opposition to Defendant Antezana & Antezana, LLC's Motion to Dismiss Plaintiff's First Amended Complaint and accompanying Memorandum in Support ("MTD"),[1] and states as follows:

**I.    INTRODUCTION**

Plaintiff, who was hired and employed as a paralegal by Defendant, alleges that he did not receive paid sick leave and was unlawfully terminated in violation of the Emergency Paid Sick Leave Act ("EPSLA") of the Families First Coronavirus Response Act ("FFCRA"), 29 U.S.C. § 2601 *et al.* (2020), EPLSA § 5101 *et al.*, after being exposed to COVID-19, developing COVID-like symptoms, and being advised to self-quarantine by his healthcare provider.

Contrary to Defendant's representations in its Motion, not only does his First Amended Complaint relate back to his Original Complaint, and not only has Plaintiff properly pled the predicate conditions for his EPSLA claims, the case of *Garcia v. Law Offices of Alexander E. Borell, P.A. et al.*, 535 F. Supp. 3d 1268 (M.D. Fla. 2021) is on all fours with respect to this case. In that case, the plaintiff, also a paralegal working for the defendant law firm, was shortly

---

[1]     Plaintiff's citations are to Defendant's Memorandum of Support.

terminated after being exposed to COVID-19 and advised by her healthcare provider to quarantine. *Garcia*, 535 F. Supp. 3d at 1269. The plaintiff alleged she had been denied leave benefits under the FFCRA and unlawfully terminated. The Court denied the defendants' motion to dismiss which attempted to argue the plaintiff had failed to explicitly allege that she sought paid sick leave. *Id.* at 1272-73. As will be discussed in greater detail below, the facts of this case are nearly identical to those in *Garcia* and the arguments raised by Defendant are also substantially similar. Plaintiff's First Amended Complaint relates back, and he has properly stated claims upon which relief can be granted. Defendant's Motion to Dismiss is unwarranted and should be denied.

II.     **LEGAL STANDARD**

"These requirements of Rule 15(c) reflect a subtle and complex compromise of two competing policies: on the one hand, the Federal Rules favor simplicity in pleadings, see Fed.R.Civ.P. 8(a), and their liberal amendment, see Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), as well as the administration of cases to secure their just determination, see Fed.R.Civ.P. 1. On the other hand, statutes of limitations are legislative determinations that give defendants predictable repose from claims after the passage of a specified time, and courts must, in recognition of the separation of powers, hesitate to extend or ignore them for judicially created reasons. *See Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 797 (4th Cir.2001). In light of these policies, Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of statutes of limitations have been effectively served. *See* 3 James Wm. Moore, et al., Moore's Federal Practice § 15.19[3][a] (3d ed. 1997) ("The purpose of Rule 15(c) is to provide the opportunity for a claim to be tried on its merits, rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed")." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 467-68 (4th Cir. 2007).

**III.     ARGUMENT**

      A. <u>Plaintiff's Claims Relate Back to the Original Complaint.</u>

Defendant contends that Plaintiff's claims in his First Amended Complaint (ECF Doc. 7) do not relate back to the Original Complaint (ECF Doc. 1-3), which was filed on June 16, 2023, and therefore are barred by the statute of limitations.

First, Defendant contends that Plaintiff's Unpaid Minimum Wage claim (Count I) does not relate back because the original complaint because it makes "no mention in any way whatsoever to a claim for unpaid minimum wages or sick leave in any portion of the original complaint." (ECF Doc. 18-1, pg. 3). Defendant, however, misunderstands what is required for an amendment to relate back. What is material is not whether certain claims are raised or magic words (*i.e.* "unpaid wages") are used, but rather, whether there is a "*factual* nexus between the amendment and the original complaint." *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983) (emphasis added). If the Original Complaint and Amended Complaint involve the same set of *facts* and concern the same *events* – that is, they share a common core of operative facts – then relation back should be allowed. *Mayle v. Felix*, 545 U.S. 644, 647 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."); *Pan-Africa Holdings Ltd. v. Ernst & Young LLP*, 2009 WL 10682117 at *6 (D. Md. Apr. 14, 2009) ("The Court should allow amendment if the two pleadings involve 'a common core of operative facts.' ".) (*quoting Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004); *Simon Property Group, L.P. v. mySimon, Inc.*, 2003 WL 23101787 at *3 (S.D. Ind. Nov. 4, 2003) ("Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, however, the amendment of the complaint to add these claims should relate back to the filing of the original complaint because they all arise from the same events. These counts are therefore timely, at least as to defendant mySimon."). It is when

the Amended Complaint "states an entirely new cause of action *based on facts different from the facts alleged in the original complaint*," that the Amended Complaint will not relate back. *Hooper v. Sachs*, 618 F. Supp. 963, 977 (D. Md. 1985) (emphasis added).

Here, although Plaintiff did not plead a claim for unpaid wages in his Original Complaint, it is clear that the underlying operative facts in the Amended Complaint remain the same. Whether he was claiming wrongful discharge under common law, or unpaid sick leave wages and unlawful termination under the EPSLA, the sole event alleged in both Complaints concerns his exposure to someone with COVID-19, the development of COVID-like symptoms, the advice of healthcare providers that he quarantine, and his subsequent termination by Defendant. *Compare* (ECF Doc. 7, ¶11-29) *with* (ECF Doc. 1, ¶10, 16-29).

Second, as to the retaliation claim (Count II), Defendant admits that the EPSLA retaliation claim in the Amended Complaint shares a factual nexus with the common law wrongful discharge claim in the Original Complaint, yet nevertheless argues that this claim does not relate back because it did not have "reasonable notice that it would be litigating a federal EPSLA retaliation statutory claim." (ECF Doc. 18-1, pg. 3). Defendant, however, once again, misunderstands what is required. Defendant need not have had notice of the actual claims or legal theories being asserted in the Amended Complaint; rather, the Original Complaint merely needed to provide notice of the *facts* or *events* that support the new claims or legal theories. *See Carter v. Lindsay Corporation*, 2023 WL 8004805 at *1 (D. Md. Nov. 17, 2023) (" 'Relation back also is proper even if the amendment presents a 'new claim [that] involve[s] different sources of proof' or 'new legal theories,' as long as 'the core facts are the same.' ' ") (*quoting Robinson v. Pytlewski*, 2022 WL 2359359 at *8 (D. Md. Jun. 30, 2022) (*quoting* Gensler, *Federal Rules of Civil Procedure: Rules*

4

*& Commentary* Rule 15 (2022))). As illustrated by this Court in *Neighborhood Development Colloborative v. Murphy*:

> "In the original complaint, NDC clearly placed Defendants on notice that NDC was claiming damages caused by Defendants mismanagement of apartment properties and unlawful conduct in connection with the refinance closing… this Court has previously emphasized that '[a]n amendment will not be disallowed merely because it asserts a new theory of recovery.' *Farb* [*v. Federal Kemper Life Assur. Co.*], 213 F.R.D. [264,] 268 [(D. Md. 2003)] (citing *Ward Elec. Serv. Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987)). Thus, the mere fact that NDC's initial claim may have been a breach of contract claim, whereas the amended claim poses a whole new theory, does not entitle Defendants to disallow an amendment for lack of notice. Accordingly, the new claim of post-closing repairs relates back to the filing of the original complaint."

*Neighborhood Development Colloborative v. Murphy*, 2005 WL 8174742 at *3 (D. Md. Aug. 29, 2005); *see also In re 360networks (USA) Inc.*, 367 B.R. 428, 434 (Bankr. S.D.N.Y. 2007) ("This test does not require that the prior complaint put the defendants on notice of new or additional legal theories that the plaintiffs seek to assert against the defendants, but it must inform the defendants of the facts that support those new claims." *Barr v. Charterhouse Group Int'l, Inc.* (*In re Everfresh Beverages, Inc.*), 238 B.R. 558, 573–74 (Bankr.S.D.N.Y.1999) (citations omitted).").

Here, as Defendant has already admitted, there is a common nucleus of fact, and regardless of whether Plaintiff was bringing a common law wrongful discharge claim or an EPSLA retaliatory termination claim, Defendant was clearly on notice that Plaintiff had made a complaint around the fact that Defendant had terminated him after being exposed to COVID-19, developing COVID-like symptoms, and being advised by healthcare providers to quarantine.  Defendant received ample notice as to the facts and events that undergird the EPSLA retaliatory termination claim.

Defendant then contends that it has been "prejudiced by expending additional legal expenses to defend this suit including, but not limited to, removing the action" to Federal Court.

5

(ECF Doc. 18-1, pg. 3).  Defendant cites no case law, however, to support its position that routine legal expense can be considered a form of undue prejudice.

As an initial matter, Defendant's complaints about the expense of removing this case to Federal Court are baseless.  Just because a Federal claim had been added in the Amended Complaint did not mean the case had to then be tried in Federal Court.  Defendant's experienced counsel knows that the Montgomery County Circuit Court is a court of general jurisdiction that can hear Federal claims.  Md. Code, Cts. & Jud. Proc. § 1-501; *see also Patuxent Technologyt Partners, LLC v. Verizon Network Integration Corp.*, 2003 WL 23498497 at *3 (Md. Cir. Ct. Dec. 10, 2003) ("Maryland circuit courts are courts of general jurisdiction that do not require specific grants of statutory jurisdiction in order to have subject matter jurisdiction over a dispute.").  This matter could have remained in state court, and Defendant's decision to remove it to Federal court is entirely its own, made presumably for some perceived litigation advantage.  To now claim prejudice for the expense of removal is laughable.

Second, to the extent that Defendant is complaining about the expense of having to defend this lawsuit, Defendant is simply complaining about the general cost of litigation, which is not a generally recognized form of undue prejudice.  *See United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 9-10 (D.D.C. 2013) ("an amendment is not automatically deemed prejudicial if it causes the non-movant to expend additional resources. Any amendment will require some expenditure of resources on the part of the non-moving party. 'Inconvenience or additional cost to a defendant is not necessarily undue prejudice.' *City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 6–7 (D.D.C.2008) (*citing Hisler v. Gallaudet Univ.*, 206 F.R.D. 11, 14 (D.D.C.2002) (finding that if the court 'were to employ a policy of denying plaintiffs leave to amend in every situation where an amended complaint may result in additional discovery or

expense, then this court would fail to abide by the legal standard of granting leave 'freely ... when justice so requires.' ')).""); *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 228 (E.D. Pa. 2012) ("Notably, however, the need for additional discovery due to amendment does not, without more, prejudice the non-moving party. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3rd Cir. 1990). Even when a proposed amended complaint adds substantive allegations against a defendant or adds new defendants, where such new defendants are related to the existing ones or where '[t]he evidence required to meet these new allegations is substantially similar to that which was originally required,' prejudice does not exist. *Pegasus Int'l* [*v. Crescent Mfg. Co.*], 2007 WL 1030457, at *5 [(E.D. Pa. Apr. 2, 2007)] (*quoting Dole*, 921 F.2d at 488)."); *Allstate Ins. Co. v. Regions Bank*, 2014 WL 4162264 at *6 (S.D. Ala. Aug. 19 2014) ("It is well-settled that '[a]llegations that an amendment will require the expenditure of some additional time, effort, or money do not constitute undue prejudice.' ") (*quoting Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014));

 Indeed, if the expense of having to respond to an amended complaint was sufficient to constitute undue prejudice, then *no* amended complaint could ever be allowed because any amended complaint would necessarily cause some additional expense. That would be an absurd outcome, to say the least, and certainly not the practice of this Court (or any other Court for that matter). *See State of Md. v. Buzz Berg Wrecking Co., Inc.*, 496 F. Supp. 245, 249 (D. Md. 1980) ("The first argument is without merit. A quick glance at the docket sheet in this case easily demonstrates that this case is still in the early stages… Any burden placed upon defendants by the amended complaint is not caused by the timing of the amendment but rather is a function of an additional theory of recovery based on the same set of operative facts which must be answered a result which is no different from what would have occurred had the RICO Count been in the

7

original complaint. In short, there has been no undue prejudice to the defendants caused by the timing of the filing of the amended complaint"). There is no evidence that Plaintiff delayed in amending his Complaint, which was not only timely filed in Maryland State Court, but filed before discovery even commenced. There is no prejudice to Defendant here.

Finally, Defendant contends that the latest Plaintiff could have filed a claim under the EPSLA was on June 17, 2023. However, Plaintiff's Original Complaint was filed on June 16, 2023, and the entire point of the briefing above on the relation-back doctrine is whether or not the Amended Complaint relates back to the Original Complaint such that the EPSLA claim has the benefit of the Original Complaint's filing date for the purposes of statute of limitation issues. As demonstrated above, the facts of this case and applicable case law strongly support a finding that the Amended Complaint relates back to the Original Complaint. Plaintiff's claims are therefore timely and not barred by the statute of limitations.

> B. The Court Should Reject Any Requirement Of A 'Condition Precedent' to Suit For Retaliatory Termination Under The EPSLA.

Defendant argues that Plaintiff has failed to plead a condition precedent. (ECF Doc. 18-1, pg. 4-5). Specifically, Defendant states that Plaintiff needs to allege not just that he was terminated for taking leave in accordance with the EPSL, but that he also must be terminated for complaining about it. Id.

The Defendant's curious argument enjoys an awkward text. The text of the bill provides:

```
SEC. <<NOTE: 29 USC 2601 note.>>  5104. PROHIBITED ACTS.

    It shall be unlawful for any employer to discharge, discipline, or
in any other manner discriminate against any employee who--

[[Page 134 STAT. 197]]

            (1) takes leave in accordance with this Act; and
            (2) has filed any complaint or instituted or caused to be
        instituted any proceeding under or related to this Act
        (including a proceeding that seeks enforcement of this Act), or
        has testified or is about to testify in any such proceeding.
```

https://www.congress.gov/bill/116th-congress/house-bill/6201/text (last visited January 23, 2024). Read literally, Section 5104 does read something like "X and Y or Z."

As one frequently cited treatise observes, the words "and" (conjunctive) and "or" (disjunctive) are ordinarily not interchangeable. Singer & Singer, 1A Sutherland Statutory Construction § 21:14 (7th ed.) (2023). That said, "[t]he terms 'and' and 'or' are misused in statutes. The literal meaning of these terms should be followed unless it renders the statute inoperable or the meaning becomes questionable." *Id.* There has been "such laxity in the use of these terms that courts have generally said the words are interchangeable and that one may be substituted for the other, if consistent with legislative intent. *Id.*; see also *Bruce v. First Fed. Sav. And Loan Ass'n of Conroe, Inc.*, 837 F.2d 712, 715 (5th Cir. 1988). Courts have held that disjunctive "or" and conjunctive "and" may be interpreted as substitutes." *Id.* (citing cases). Strict interpretation should not be followed when such an approach would render the sense of the statute confusing and there is no clear legislative intent to have the words not mean what they strictly should." *Id.*

Defendant's literalist reading is not supported by a single case nor is it consistent with good judgment and the needs of the case. Defendant can point to no similar federal employment statute which requires an employee to suffer a substantive violation <u>and</u> have to complain about it – in order to state a "condition precedent" to filing suit. Defendant's interpretation would also lead to

9

twisted literal issues. For example, would an employee have to prove that his/her employer was motivated to terminate based on both occurrences happening, or just one?

The U.S. Department of Labor, who has implemented the EPSLA through regulation, has not required that an employee take leave <u>and</u> file a complaint in order to be protected from retaliation.

> § 826.150 Prohibited acts and enforcement under the EPSLA.
> (a) Prohibited acts. An Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee took Paid Sick Leave under the EPSLA. Likewise, an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding.
>
> (b) Enforcement. (1) Failure to provide Paid Sick Leave. An Employer who fails to provide its Employee Paid Sick Leave under the EPSLA is considered to have *19357 failed to pay the minimum wage as required by section 6 of the FLSA, 29 U.S.C. 206, and shall be subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.
>
> (2) Discharge, discipline, or discrimination. An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.
> 29 CFR § 826.151

29 C.F.R. § 826.150 (2023)

To give a conjunctive meaning to the word "and" in Section 5104 would create an altogether different prohibition from what Congress intended, which was to protect three classes of workers: (1) those who have been denied leave; (2) those who have made a complaint; and (3) those who have been retaliated against based on their testimony (or potential testimony). The DOL regulation does not reflect this requirement to take leave and file a complaint, and is curiously absent from Defendant's Motion.

The DOL's regulation, implementing and interpreting Section 5104, which does not require both the denial of leave <u>and</u> the making of a complaint, is entitled to deference. The Court should defer to DOL's new interpretation under *Auer v. Robbins*, 519 U.S. 452 (1997). Under *Auer*, the Court is required to give controlling weight to an agency's interpretation of its own ambiguous regulations unless that interpretation is "plainly erroneous or inconsistent with that regulation," *Auer*, 519 U.S. at 461, or unless the interpretation does not "reflect the agency's fair and considered

10

judgment on the matter in question." *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 155 (2012). A court should not afford a new agency interpretation *Auer* deference if the new interpretation "creates unfair surprise to regulated parties," which "may occur when an agency substitutes one view of a rule for another." *Kisor v. Wilkie*, 588 U.S. —, —, 139 S.Ct. 2400, 2418 (U.S. June 26, 2019).

Here, the pertinent statute – if read literally – contains some ambiguity. However, the DOL's interpretation, which removes any ambiguity, is not at odds, plainly erroneous, or inconsistent with the statute's obvious aims. Aside from curious wording of the statute, which this Court can take judicial notice of was written during a time of National emergency, there is no evidence that Congress intended anything other than the disjunctive in Section 5104. To read the word "and" in the disjunctive is to give the word its clearly intended effect. To read it in the conjunctive is to nullify the important legislative intent which was protect workers during the COVID National emergency. The proscriptive force of the statute would weaken if the Court was to dismiss this claim based on the Defendant's tortured interpretation of the statute. Strict grammatical construction of Section 5104 would frustrate the clear intent of Congress and invalidate the DOL's interpretive regulation. As a result, Section 5104 must be read in the disjunctive.

C. <u>A Complaint Similar to Plaintiff's Complaint Survived A Motion To Dismiss</u>.

The Complaint here is notably because is nearly identical to a complaint with nearly identical facts that survived in *Gracia v. Law Offices of Alexander E. Borrell, P.A., et al.*, 535 F.Supp.3d 1268 (M.D. Fla. 2021). In *Gracia*, a law office terminated a paralegal after she notified an office manager of her need to get a COVID test and her doctor's recommendation to self-quarantine until receiving the results. *Id*. at 1269. The plaintiff in *Gracia* was given no opportunity

to telework and was terminated. *Id*. The Plaintiff alleged that she was denied benefits under the Families First Coronavirus Response Act (FFCRA), and unlawfully terminated in response to her request for those benefits. *Id*.

Just like the case at bar, the law office moved to dismiss the lawsuit. In denying the request, the Court observed that "Section 5104(1) only requires the Amended Complaint to allege that Plaintiff took 'leave' due to a qualifying 'need for leave.' " *Id*. at 1272. The Court held that the allegations that the plaintiff's health care provider advised her to self-quarantine due to her COVID exposure was a qualifying need for leave and that she informed her manager of her consequent need to self-quarantine. *Id*. As a result, the plaintiff sufficiently alleged that her law office employer violated Section 5104. Specifically, she alleged "that Defendants discharged Plaintiff after she notified them of her potential COVID-19 exposure and need to self-quarantine – that is, Defendants discharged her 'in response to Plaintiff's need for benefits under the FFCRA." *Id*. Because the plaintiff asserted exposure to COVID-19, was advised to self-quarantine by her health care provider, and was terminated by her employer shortly after she requested leave to quarantine, the Court determined that the plaintiff stated a plausible claim for relief under the EPSLA.

The same is true here. The Plaintiff here, ironically enough also a paralegal who sued his legal employer, felt sick after coming into contact with someone who tested positive with COVID. ECF Doc. 6, ¶ 14. Plaintiff was told to self-quarantine. ECF Doc. 6, ¶ 15. Exactly like the paralegal in *Gracia*, the Plaintiff here also called his office manager informing her of his doctor's instruction to self-quarantine. ECF Doc. 6, ¶ 16. Plaintiff then sent over documentation of his need to self-quarantine. ECF Doc. 6, ¶¶ 18-20. Plaintiff was ultimately advised that he could return to work on June 17, 2020, after he finally tested negative. ECF Doc. 6, ¶¶ 22-25. Plaintiff was then sent home and later advised that he was terminated. ECF Doc. 6, ¶¶ 27-29. Plaintiff

alleges that he was terminated for taking EPSLA leave, in violation of Section 5104. ECF Doc. 6, ¶ 34.

Accordingly, Plaintiff's Amended Complaint alleges all of the facts necessary to state a cause of action, consistent with the analogous facts in *Gracia*.

## IV.   CONCLUSION

Plaintiff's First Amended Complaint clearly relates back to the original, timely-filed Complaint. Although his legal theories and claims have changed, they remain rooted in the same set of operative facts and concern the same events that were originally raised. Moreover, Plaintiff's First Amended Complaint has clearly pled the predicate conditions for an EPSLA claim. For these reasons, Plaintiff has properly stated a claim upon which relief can be granted, and Defendant's Motion to Dismiss should be denied.

Respectfully submitted,

/s/
Howard B. Hoffman, Esq. (#25965)
Jordan S. Liew, Esq. (#20509)
HOFFMAN EMPLOYMENT LAW, LLC
2400 Research Blvd., Ste. 380
Rockville, MD 20850
(301) 251-3752
(301) 251-3753 (fax)
hhoffman@hoholaw.com
jliew@hoholaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of January, 2024, a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland and is available for viewing and downloading from the ECF system.

*/s/ Howard B. Hoffman*
Howard B. Hoffman