IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLOS CRUZ

v. : Civil Action No. DKC 23-3409

ANTEZANA & ANTEZANA, LLC

**MEMORANDUM OPINION**

Plaintiff Carlos Cruz ("Plaintiff") filed this employment action against Defendant Antezana & Antezana, LLC ("Defendant") for unpaid wages in violation of the Emergency Paid Sick Leave Act ("EPSLA") of the Families First Coronavirus Response Act ("FFCRA"), Pub. L. No. 116-127, 134 Stat. 178 (Mar. 18, 2020).[1] (ECF No. 7). Presently pending and ready for resolution is the motion to dismiss the First Amended Complaint ("Amended Complaint") filed by Defendant. (ECF No. 18). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be denied.

[1] EPSLA was not codified in the United States Code. To see a published version as it existed as of March 27, 2020, go to the cumulative supplement to 29 U.S.C.S. § 2601, History, Ancillary Laws & Directives (LexisNexis 2016 & Supp. May 2024). A scanned copy of the supplement in USCS is attached as an appendix, with the retaliation provision highlighted. The EPSLA was enacted as a temporary protection and was effective only from April 2020 until December 31, 2020. FFCRA § 5109; EPSLA § 5109.

## I. Background[2]

Defendant hired Plaintiff in March 2020 to work as a paralegal. (ECF No. 7 ¶ 12). He worked full time for Defendant. (*Id.* ¶ 13). On May 19, 2020, Plaintiff began to experience COVID-19 symptoms after coming into contact with someone who tested positive for COVID-19. (*Id.* ¶ 14). Plaintiff called his doctor from the parking lot of Defendant's office and his doctor instructed him to go home and quarantine. (*Id.* ¶ 15). Plaintiff then called Defendant's main office and spoke with Izette Andrade ("Ms. Andrade"), Defendant's general manager. (*Id.* ¶ 16). After Plaintiff explained his symptoms and his doctor's instructions, Ms. Andrade confirmed that Defendant's owners, Mr. Alfredo Antezana and Rebecca Antezana ("Mr. and Ms. Antezana"), agreed with the doctor's instruction and similarly instructed Plaintiff to go home. (*Id.* ¶¶ 16–17). Plaintiff understood this conversation to be an informal request for leave and confirmation from Defendant of the same. (*Id.* ¶ 17).

On May 21, 2020, Plaintiff sent a doctor's note to Ms. Andrade indicating that he was undergoing COVID-19 testing and requesting that he be permitted to work from home until he received his test results. (*Id.* ¶¶ 18–19). Although Plaintiff informed Defendant

[2] The following facts are set forth in the Amended Complaint and construed in the light most favorable to Plaintiff.

that he was able to work from home, Defendant declined to give Plaintiff any work that could be performed remotely. (*Id.* ¶ 21).

While Plaintiff was waiting to receive his test results, he made repeated calls to his doctor to inquire into the status of his results. (*Id.* ¶ 22). Plaintiff finally learned that he had tested negative for COVID-19 on June 15, 2020. (*Id.* ¶ 23). On the same day, Plaintiff forwarded a doctor's note to Ms. Andrade that confirmed the test results, requested that Plaintiff be excused from his work between May 19, 2020 through June 16, 2020, and noted that Plaintiff could return to work on June 17, 2020. (*Id.* ¶¶ 24–25).

When Plaintiff returned to the office on June 17, 2020, Ms. Andrade approached Plaintiff and stated that Defendant was under the impression that Plaintiff was not coming back to work. (*Id.* ¶ 26). Ms. Andrade explained that she would call him later and Plaintiff returned home. (*Id.* ¶ 27). Later that day, Ms. Andrade called Plaintiff and reiterated that Defendant had thought he was not coming back to work and that Defendant had "moved on" from him. (*Id.* ¶ 28). Plaintiff understood this to mean that Defendant had terminated him even before he returned to work when he was still under quarantine. (*Id.*).

In July 2020, Mr. Antezana called Plaintiff and told him that he had been let go as part of a reduction in force due to COVID-

19. (*Id.* ¶ 29). Plaintiff did not receive any pay from Defendant while he was quarantining.[3] (*Id.* ¶ 30).

On June 16, 2023, Plaintiff filed a complaint against Defendant, Mr. Antezana, and Ms. Antezana in the Circuit Court for Montgomery County alleging wrongful discharge as a common law tort under Maryland's COVID-19 Public Health Emergency Protection Act of 2020, S.B. 1080, 441st Gen. Assemb., Reg. Sess. (Md. 2020). (ECF No. 1-3). On December 5, 2023, Plaintiff filed an amended complaint in state court against Defendant but not Mr. and Ms. Antezana, alleging unpaid minimum wage and retaliatory termination under EPSLA. (ECF Nos. 1-2, at 4; 6). On December 15, 2023, Defendant removed the case to this court on the basis of federal question jurisdiction. (ECF No. 1). On December 18, 2023, Defendant filed a notice containing the state court amended complaint, (ECF No. 6), which is now docketed as the Amended Complaint, (ECF No. 7).

The Amended Complaint contains two causes of action against Defendant. In Count One, Plaintiff alleges that Defendant willfully violated the unpaid minimum wage requirement in EPSLA § 5102, which includes wages for 80 hours of paid sick leave. (*Id.* ¶¶ 36-38). In Count Two, Plaintiff alleges that Defendant

[3] Plaintiff refers to his period of quarantine as "sick leave." (*Id.* ¶ 30).

willfully violated the retaliatory termination provision in EPSLA § 5104. (*Id.* ¶¶ 39-42).

On January 9, 2024, Defendant filed a motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18). Plaintiff filed an opposition, (ECF No. 19), and Defendant replied, (ECF No. 20).

**II. Standard of Review**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021). A plaintiff's complaint needs only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed.R.Civ.P. 8(a)(2)). A Rule 8(a)(2) "showing" requires "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**III. Analysis**

Defendant asserts that the Amended Complaint should be dismissed because: (1) Plaintiff's claims in the Amended Complaint are barred by the statute of limitations because they do not relate back to the original complaint, and (2) Plaintiff failed to allege a condition precedent to a retaliation claim under EPSLA § 5104. (ECF No. 18). For the following reasons, Defendant's motion to dismiss will be denied.

**A. Relation Back**

Defendant contends that Plaintiff's claims for unpaid minimum wages and retaliation under EPSLA do not relate back to the original complaint and are therefore barred by EPSLA's statute of limitations under 29 U.S.C. § 255(a). (ECF No. 18-1, at 2-4).

In the enforcement provisions for unpaid sick leave and unlawful termination, EPSLA § 5105 incorporates 29 U.S.C. § 217 of the Fair Labor Standards Act ("FLSA"), which in turn incorporates the statute of limitations provision in § 255(a). Section 255(a) provides that a suit "may be commenced within two years after the

cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]" 29 U.S.C. § 255(a). Plaintiff's original complaint was filed just under three years after he tried to return to work when his quarantine period ended. Defendant acknowledges that the three-year statute of limitations would apply to a willful violation.

Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" While the relation back doctrine does not permit a plaintiff to assert "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth[,]" *Mayle v. Felix*, 545 U.S. 644, 650 (2005), "[t]he purpose of Rule 15(c) is to provide the opportunity for a claim to be tried on its merits, rather than being dismissed on procedural technicalities, when the policy behind the statute of limitations has been addressed[,]" 3 James Wm. Moore et al., *Moore's Federal Practice* § 15.19[3][a] (3d ed. 1997); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 468 (4th Cir. 2007).

Accordingly, when there is a "factual nexus" between the amendment and original complaint, the amended claim will be "liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606 (4th Cir. 1980), *cert. dismissed* 448 U.S. 911 (1980)). "Relation back also is proper even if the amendment presents a 'new claim [that] involve[s] different sources of proof' or 'new legal theories,' as long as 'the core facts are the same.'" *Robinson v. Pytlewski*, No. 19-cv-1025-DLB, 2022 WL 2359359, at *8 (D.Md. June 30, 2022) (quoting Steven S. Gensler & Lumen N. Mulligan, 1 *Federal Rules of Civil Procedure, Rules & Commentary* Rule 15 (Feb. 2023)); *see also Carter v. Lindsay Corp.*, No. 21-cv-0311-DKC, 2023 WL 8004805, at *1 (D.Md. Nov. 17, 2023); *AIG Prop. Cas. Co. v. Eaton Corp.*, No. 18-cv-1853-JKB, 2019 WL 1586253, at *5 (D.Md. Apr. 12, 2019).

**1. Factual Nexus**

Here, the Amended Complaint relies on the same underlying operative facts as the original complaint. Although the Amended Complaint brings claims for unpaid wages and unlawful termination under EPSLA rather than under the common law as in the original complaint, the core facts remain the same: Plaintiff developed COVID-19 symptoms after exposure to someone who tested positive for the virus, Plaintiff's doctor advised him to quarantine until

he received his test results, Defendant was informed of the doctor's instructions yet declined to provide Plaintiff with remote work, and, when Plaintiff promptly returned to the office after testing negative for COVID-19, Defendant terminated him. (*See* ECF Nos. 1-3 ¶¶ 10–29; 7 ¶¶ 11–29). The EPSLA claims, therefore, arise out of the same factual nexus as the common law claim in the original complaint.

**2. Prejudice**

Furthermore, Defendant was not prejudiced by the amendment. While the Amended Complaint raises new claims based on federal statutes not mentioned in the original pleading, "[a]n amendment will not be disallowed merely because it asserts a new theory of recovery." *Farb v. Fed. Kemper Life Assur. Co.*, 213 F.R.D. 264, 268 (D.Md. 2003) (first citing *Ward Elec. Serv., Inc. v. First Com. Bank,* 819 F.2d 496, 497 (4th Cir. 1987); then citing *Fed. Leasing, Inc. v. Amperif Corp.*, 840 F.Supp. 1068, 1072 (D.Md. 1993)); *see also Robinson*, 2022 WL 2359359, at *13 (finding that amendment related back because the new allegations elaborated on "the same core set of facts" in the original complaint). Similarly, although Defendant argues that it "has been prejudiced by expending additional legal expenses to defend this suit including, but not limited to, removing the action from the Circuit Court for Montgomery County, Maryland to this Court[,]" (ECF No. 18-1, at 3), amendment will not be disallowed simply because

it requires a defendant to expend additional legal expenses, *see Verbal v. Giant of Maryland, LLC*, 204 F.Supp.3d 837, 841 (D.Md. 2016) (finding no undue prejudice when plaintiff's amended complaint was filed before discovery commenced); *Crawford v. Scotland Cnty. Sch.*, No. 1:09-cv-69-PTS, 2010 WL 11541905, at *2 (M.D.N.C. Apr. 2, 2010) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)) (noting that absent an allegation of bad faith, "courts generally do not find sufficient prejudice to deny leave based on litigation expenses incurred before a motion to amend is filed[]"); *City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 6 (D.D.C. 2008) (citing *Hisler v. Gallaudet Univ.*, 206 F.R.D. 11, 14 (D.D.C. 2002)) ("Inconvenience or additional cost to a defendant is not necessarily undue prejudice.").

Despite Defendant's assertion that "the entire contour of the claim has shifted[]" based on the allegations of federal statutory violations, (ECF No. 18-1, at 3), the original complaint provided Defendant with sufficient notice of the basis for liability that was alleged in the Amended Complaint, *see Tynes v. Mayor & City Council of Baltimore*, No. 1:22-cv-01452-ELH, 2023 WL 2664233, at *24 (D.Md. Mar. 28, 2023) (first quoting Steven S. Gensler, *Federal Rules of Civil Procedure: Rules & Commentary* Rule 15 (2022); then quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984) ("The rationale of Rule 15(c) is that a party

who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.”)). Although the original state court complaint focused on Defendant’s termination of Plaintiff and did not contain allegations regarding Defendant’s failure to pay Plaintiff during his sick leave, it nonetheless provided Defendant with notice that Plaintiff’s suit arose out of Defendant’s reaction to Plaintiff’s quarantine for COVID-19. (ECF No. 1-3 ¶¶ 10-29). Accordingly, the Amended Complaint relates back to the original complaint and is not barred by the statute of limitations. *See Davis*, 615 F.2d at 614.

**B. EPSLA § 5104**

Defendant further argues that, even if the Amended Complaint relates back to the date of the original pleading, the unlawful retaliation claim alleged in Count Two should be dismissed due to failure to plead a condition precedent required under EPSLA § 5104. (ECF No. 18-1, at 4-5). In support of this theory, Defendant refers to EPSLA’s text as written on its date of enactment, March 18, 2020. That text provides:

> It shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who--
>
> (1) takes leave in accordance with this Act; and
>
> (2) has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act (including a proceeding that seeks enforcement of this

> Act), or has testified or is about to testify in any such proceeding.

EPSLA § 5104, Div. E of the FFCRA, Pub. L. No. 116-127, 134 Stat. 178 (Mar. 18, 2020). Relying on the use of the word "and," Defendant contends that, because Plaintiff did not allege that he filed a complaint or instituted a proceeding during the statutory period, he failed to plead a condition precedent to suit for retaliatory termination under EPSLA. (ECF No. 18-1, at 5). Plaintiff responds that the statute should be interpreted in the disjunctive, despite the use of the word "and." (ECF No. 19, at 8-11).

As will be explained below, both the parties and, unfortunately, the courts[4] that have examined this problem failed to realize that the statute was amended within ten days of its initial enactment to change the word "and" to "or" and thus to

[4] *See, e.g.*, *Wilson v. Marshall Shredding LLC*, 616 F.Supp.3d 633, 642-43 (W.D.Tex. 2022) (holding that EPSLA § 5104 is disjunctive), *aff'd sub nom. Wilson v. Marshall Shredding, L.L.C.*, No. 22-50709, 2023 WL 3151078 (5th Cir. Apr. 28, 2023); *Hartzell v. Adaptable Sys. Corp.*, No. 21-cv-1873-KSM, 2022 WL 1500554, at *14 (E.D.Pa. May 11, 2022) (same); *Figueroa Collazo v. Ferrovial Construcción PR, LLC*, No. 20-cv-1612-DRD, 2021 WL 4482268, at *4 (D.P.R. Sept. 30, 2021) (same); *Gracia v. L. Offs. of Alexander E. Borell, P.A.*, 535 F.Supp.3d 1268, 1270 (M.D.Fla. 2021) (same); *Colombe v. SGN, Inc.*, No. 5:20-cv-374-REW, 2021 WL 1198304, at *3 (E.D.Ky. Mar. 29, 2021) (assuming § 5104 is disjunctive); *contra Davis v. Cap. Ready Mix Concrete, LLC*, No. 5:21-cv-463-JCD, 2023 WL 7346060, at *6 (E.D.N.C. Nov. 7, 2023) (holding that § 5104 is conjunctive); *Piotrowski v. Signature Collision Cntrs., LLC*, No. 2:21-cv-02115-JDW, 2021 WL 4709721, at *4 (E.D.Pa. Oct. 8, 2021) (same).

eliminate the dilemma addressed by the parties. EPSLA § 5104, 134 Stat. at 196-97 (Mar. 18, 2020), *amended by* Pub. L. No. 116-136, § 5104, 134 Stat. 189 (Mar. 27, 2020) (hereinafter "Amended EPSLA § 5104").

Congress amended § 5104 on March 27, 2020. 166 *Cong. Rec.* H1767 (daily ed. Mar. 27, 2020). Incorporated as part of a technical correction to the Health Care Workforce labor provisions under the Middle Class Health Benefits Tax Repeal Act of 2019, Congress stated, "[s]ection 5104(1) of the Emergency Paid Sick Leave Act (division E of the Families First Coronavirus Response Act) is amended by striking 'and' after the semicolon and inserting 'or'." *Id.* Since March 27, 2020, the text of EPSLA now provides:

> Sec. 5104. Prohibited acts.
> It shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who--
> (1) takes leave in accordance with this Act; *or*
> (2) has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act (including a proceeding that seeks enforcement of this Act), or has testified or is about to testify in any such proceeding.

Amended EPSLA § 5104 (emphasis added); *see also* Appendix, at 2, 29 U.S.C.S. § 2601, History, Ancillary Laws, & Directives (LexisNexis 2016 & Supp. May 2024).

Accordingly, based on the plain language of the statute, EPSLA does not require a plaintiff to plead both conditions to state a

claim under § 5104. In an EPSLA retaliation claim, a plaintiff is only required to plead that he or she *either* "(1) [took] leave in accordance with [the] Act; *or* (2) has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act (including a proceeding that seeks enforcement of this Act), or has testified or is about to testify in any such proceeding." Amended EPSLA § 5104(1) (emphasis added). Plaintiff has not failed to plead a condition precedent.

**II. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge